OSCN Found Document:STATE OF OKLAHOMA ex rel OBA v. BALDWIN

 

 
 STATE OF OKLAHOMA ex rel OBA v. BALDWIN
2025 OK 90
Case Number: SCBD-8003
Decided: 12/08/2025
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2025 OK 90, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
KELSEY ALISON BALDWIN, Respondent.

ORDER APPROVING RESIGNATION
PENDING DISCIPLINARY PROCEEDINGS

¶1 The Oklahoma Bar Association (OBA), Complainant, has filed an application to approve the resignation of Kelsey Alison Baldwin (OBA No. 34500), Respondent, from its membership, as well as a copy of Respondent's affidavit tendered to the Professional Responsibility Commission pursuant to Rule 8.1 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2021, ch. 1, app. 1-A, wherein she expresses her wish to resign and to relinquish her right to practice law pending investigations into alleged misconduct.

Decision of the Court

¶2 Upon consideration of the Complainant's application and the Respondent's affidavit in support of resignation, we make the following findings:

a. On April 20, 2021, the OBA admitted Mrs. Baldwin to membership.

b. On October 3, 2025, Mrs. Baldwin signed an affidavit of resignation pending disciplinary proceedings, approved as to form by an Assistant General Counsel for the OBA.

c. Mrs. Baldwin's affidavit of resignation reflects that (a) she freely and voluntarily rendered her resignation; (b) she was not subject to coercion or duress; and (c) she was fully aware of the consequences of submitting her resignation.

d. Mrs. Baldwin is aware the OBA opened six (6) grievances against her in the following matters:

DC-24-173: Grievance by General Counsel -- alleging that in Case No. CIV-23-1147-SLP pending in the United States District Court for the Western District of Oklahoma, Mrs. Baldwin failed to be candid with the tribunal in answering the question of whether her codefendant's attorney had included her electronic signature without her permission. She eventually answered the court's question but was sanctioned and made to pay attorney fees in the amount of $2,973.12 by the court for failing to answer timely and for missing a court date.

DC-24-196: Grievance by Megan January -- alleging Mrs. Baldwin accepted a fee of $3,500.00 from Ms. January to prepare estate documents in 2023 and did not complete the documents as promised. She subsequently refunded the entire fee to Ms. January.

DC-25-12: Grievance by Aubrey Tilley -- alleging Mrs. Baldwin accepted a payment of $11,000.00 from Ms. Tilley in 2023 to represent Ms. Tilley in a civil case concerning a family Revocable Trust--i.e., Case No. CJ 2023-1892 pending in the District Court for McIntosh County, State of Oklahoma--and then failed to do the work promised on the case. She subsequently refunded the entire fee to Ms. Tilley.

DC-25-70: Grievance by Tanner Bassel -- alleging Mrs. Baldwin accepted payments totaling $26,000.00 from Mr. Bassel to create a Living Trust and to represent him in two criminal cases--i.e., Case No. CF-2023-0087 and Case No. CF-2023-0184 pending the District Court for Jackson County, State of Oklahoma--and then failed to complete the Living Trust and failed to offer beneficial representation in the criminal cases. She eventually withdrew from the criminal cases and fully refunded Mr. Bassel's legal fees.

DC-25-74: Grievance by Marcus Cline -- alleging Mrs. Baldwin accepted a payment of $3,500.00 from Mr. Cline to represent him in his quest to obtain an emergency Victim's Protective Order (VPO) in Oklahoma County, State of Oklahoma, but then failed to earn the fee. She subsequently refunded Mr. Cline's legal fees.

DC-25-135: Grievance by Robert McCoy -- alleging Mrs. Baldwin received a $4,500.00 retainer fee from Mr. McCoy to file his divorce case--i.e., Case No. FD-2024-0141 pending in the District Court for Oklahoma County, State of Oklahoma--but was subsequently terminated and asked to refund the entire retainer fee. She gave Mr. McCoy the full refund.

e. Mrs. Baldwin is aware that the allegations concerning the conduct specified above, if proven, would constitute violations of Rules 1.4 (Communication), 1.5 (Fees), 3.3 (Candor Toward the Tribunal), and 8.4(a) and (d) (Misconduct) of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S.2021, ch. 1, app. 3-A; violations of Rules 1.3 (Discipline for Act Contrary to Prescribed Standards of Conduct) and 5.2 (Investigations) of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2021, ch. 1, app. 1-A; and violations of her oath as an attorney.

f. Mrs. Baldwin is aware that the OBA has the burden of providing the allegations against her, but she waives any and all rights to contest the allegations.

g. Mrs. Baldwin is aware that approval of her resignation is discretionary with this Court pursuant to Rule 8.2 of the RGDP, 5 O.S.2021, ch. 1, app. 1-A.

h. Mrs. Baldwin further acknowledges that, because of her conduct, the Client Security Fund may receive claims from her former client(s). Should the OBA approve and pay such Client Security Fund claims, Mrs. Baldwin agrees to reimburse the Fund for both the principal amount and the applicable statutory interest before filing any application seeking reinstatement.

i. Mrs. Baldwin acknowledges that the OBA may have incurred costs in the investigation of this matter. In fact, its application to assess costs reveals that the OBA incurred costs totaling $405.08 to pay for two letters sent by certified mail, for a court reporter's no-show fee at a canceled deposition, and for a process server's fees. Each of the costs is permissible under Rule 6.16 of the RGDP, 5 O.S.2021, ch. 1, app. 1-A, as a cost of the investigation. Mrs. Baldwin agrees that she is responsible to reimburse the OBA for such costs.

j. Mrs. Baldwin recognizes and agrees she may not make application for reinstatement to membership in the OBA prior to the expiration of five (5) years from the effective date of this Court's approval of her resignation; and she acknowledges that she may be reinstated to practice law only upon compliance with the conditions and procedures prescribed by Rule 11 of the RGDP, 5 O.S.2021, ch. 1, app. 1-A.

k. Mrs. Baldwin has agreed to comply with Rule 9.1 of the RGDP, 5 O.S.2021, ch. 1, app. 1-A, within twenty (20) days following the date of her resignation and acknowledges that she may be reinstated to practice law only upon providing proof of substantial compliance with Rule 9.1. To that end, Mrs. Baldwin agrees to cooperate with the Office of General Counsel for the OBA in the task of identifying any active client cases wherein documents and files need to be returned or forwarded to new counsel or wherein fees or refunds are owed to the client.

l. Mrs. Baldwin's resignation pending investigations into alleged misconduct is in compliance with Rule 8.1 of the RGDP, 5 O.S.2021, ch. 1, app. 1-A.

m. Mrs. Baldwin's bar number is 34500, and her name and address appear on the official roster maintained by the OBA as follows:

Kelsey Alison Baldwin

2917 N.W. 156th Street

Edmond, OK 73013-2101

n. Mrs. Baldwin affirms that she will either tender her OBA membership card to the Office of General Counsel or destroy it.

o. The effective date of Mrs. Baldwin's resignation will be December 8, 2025.

¶3 IT IS THEREFORE ORDERED that the OBA's Application for Order Approving Resignation is approved and Respondent's resignation during the pendency of investigations into alleged misconduct is accepted and approved effective December 8, 2025.

¶4 IT IS FURTHER ORDERED that Kelsey Alison Baldwin's name be stricken from the Roll of Attorneys and that she make no application for reinstatement to membership in the OBA prior to the expiration of five (5) years from the effective date of her resignation. See Rules 8.2 and 11.1 of the RGDP, 5 O.S.2021, ch. 1, app. 1-A.

¶5 IT IS FURTHER ORDERED that Respondent comply with Rule 9.1 of the RGDP by no later than Monday, December 29, 2025, and that she return all client files and refund any unearned fees.

¶6 IT IS FURTHER ORDERED that as a condition of reinstatement, Respondent shall reimburse the Client Security Fund for any monies expended because of her malfeasance or nonfeasance. See Rule 11.1(b) of the RGDP, 5 O.S.2021, ch. 1, app. 1-A.

¶7 IT IS FURTHER ORDERED that Respondent reimburse the OBA for costs totaling $405.08 that are related to the investigation of this matter, all within ninety (90) days of the effective date of this order (i.e., by no later than Monday, March 9, 2026).

¶8 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 8th day of December, 2025.

/s/____________________________________
CHIEF JUSTICE

ALL JUSTICES CONCUR.